THE CAVANAGH LAW FIRM
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (SBN 012458)
wdemlong@cavanaghlaw.com
Elliot H. Wernick, Esq. (SBN 015351)
ewernick@cavanaghlaw.com
Tel:  (602) 322-4004
Fax: (602) 322-4103

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ADAMS CRAIG ACQUISITIONS, LLC, an Arizona limited liability company; ADAMS CRAIG TECHNOLOGY, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>ATAIN SPECIALTY INSURANCE COMPANY, a Michigan Corporation; DYNAMIC CLAIMS SERVICES, INC., a California Corporation; and DOES 1-100,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL**<br><br>**(Maricopa County Superior Court, Cause No. CV2018-001736)** |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and Local Rule 3.6, Defendant Atain Specialty Insurance Company ("Atain"), inaccurately identified as a Texas Corporation, and Dynamic Claims Services, Inc. hereby notices the removal of the above-captioned case from Arizona Superior Court, Maricopa County, to the United States District Court for the District of Arizona and in support thereof respectfully assert:

1. At the time of the Complaint, and based on the allegations contained therein, Plaintiffs were citizens of the State of Arizona. Notably, a natural person's state of citizenship is determined by his or her state of domicile. *See Kanter v. Waner-Lambert Co.*, 365 F.3d 853, 857 (9th Cir. 2001). In turn, a person's place of residence is *prima facie* evidence of their domicile. *See Golub v. Wells Fargo Bank, N.A.*, 2014 WL 997336 (C.D. Cal. 2014) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

2. The owner/members of Plaintiffs are Stephen Adams and/or Cynthia Lopez and both are citizens of the State of Arizona.

3. Defendant Atain is a citizen of the State of Michigan, by virtue of the fact that it is a Michigan corporation with its principal place of business in Michigan.

4. Defendant Dynamic is a citizen of the State of California, by virtue of the fact that it is a California corporation with its principal place of business in California.

5. Based on the foregoing, there is complete diversity of citizenship between the Plaintiffs and Defendants.

6. On or about February 20, 2018, less than thirty days prior hereto, the Summons and Complaint were served upon Defendant Atain Specialty Insurance Company by Acceptance of Service.

7. On or about February 23, 2018, less than thirty days prior hereto, the Summons and Complaint were served upon Defendant Dynamic Claims Services by process server.

8. The Complaint alleges five (5) counts: (i) breach of contract; (ii) breach of the implied covenant of good faith and fair dealing; (iii) promissory estoppel; (iv) negligent misrepresentation; and, (v) aiding and abetting. Plaintiffs seek those damages allegedly flowing from those claims as well as punitive damages and attorneys' fees and costs.

9. Specifically, and as detailed in counsel's September 19, 2017 letter, Plaintiffs demanded from Atain contractual damages totaling $120,227.01; Atain paid Plaintiffs

$27,362.97 (net of an $1,000 deductible), leaving the contractual amount in dispute of $91,864.04.

10. Plaintiffs seeks the following additional damages:

    a. Prejudgment interest and attorney's fees;

    b. General and punitive damages; and,

    c. For such further and additional relief as the Court deems necessary and/or proper.

11. It is reasonable to expect that Plaintiffs will incur <u>at least</u> $65,400.00 in costs and attorneys' fees in prosecuting their claims against Defendants. [*See* Declaration of Elliot Wernick, attached hereto as Exhibit 1]. Although predicting attorneys' fees is difficult, a court may look to an estimated value of attorneys' fees in determining the amount in controversy. *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 577-78 (D. Ariz. 2003) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)). In *Ansley*, the United States District Court for the District of Arizona specifically relied upon a declaration submitted by the defendant's attorney that indicated "the attorneys' fees incurred by both sides [would] exceed $75,000" to conclude that the defendant demonstrated the value of the claim exceeded the statutory minimum required for removal to federal court. *Id.*

12. With contract damages totaling $91,864.04, Plaintiffs also seek punitive damages and attorney's fees – which clearly exceed the jurisdictional limit of $75,000.00. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000) (noting that compensatory and punitive damages are to be considered in determining the amount in controversy for purposes of removal jurisdiction); *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 577 (D. Ariz. 2003) (*citing Chabner*); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (potential attorneys' fees are to be included in determining the amount in controversy).

13.     Based on the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed pursuant to 28 U.S.C. § 1441(b), because it is a civil action between parties with complete diversity of citizenship and Plaintiff seeks damages which exceed the jurisdictional minimum of $75,000.00, exclusive of interest and costs.[1]

14.     Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(a) in that Plaintiffs reside within the District of Arizona.  Additionally, venue is proper in the District of Arizona because a substantial part of the events giving rise to Plaintiffs' claim occurred therein.

15.     This Notice of Removal is being filed within thirty (30) days after receipt and service of the Complaint and is timely filed under 28 U.S.C. § 1446(b).

16.     The time in which Defendants have to answer the Complaint or remove with respect to the Complaint has not yet expired.

17.     A true and complete copy of all pleadings and other documents that were previously filed with the state court, and the current docket for the state court action, are attached hereto as follows:

| | | |
|---|---|---|
| Exhibit 2 | - | Plaintiff's Demand for Jury Trial |
| Exhibit 3 | - | Coversheet |
| Exhibit 4 | - | Plaintiff's Certificate of Compulsory Arbitration |
| Exhibit 5 | - | Complaint |
| Exhibit 6 | | Summons |
| Exhibit 7 | | Acceptance of Service |
| Exhibit 8 | - | State Court Current Docket |

---

[1] Defendants do not waive, and expressly reserves, the right to challenge Plaintiff's claims for damages including, but not limited to, actual damages, punitive damages, and attorney's fees, and to argue for the dismissal of each and every cause of action asserted in the Complaint.

4

18. A Notification of Filing Notice of Removal in Federal Court (copy attached hereto as Exhibit 9) has been filed in the Arizona Superior Court, Maricopa County, Arizona, on behalf of Defendants.

19. Atain has served upon Plaintiffs, by and through counsel, a copy of this Notice.

20. Atain has served upon Plaintiff, by and through counsel, the Notice to the Parties of Mandatory Initial Discovery Pilot Project, General Order 17-08 and the MIDP Checklist.

21. This Notice is signed pursuant to Fed. R. Civ. P. 11, as required by LRCiv 3.6., and undersigned verifies that Exhibits 2 through 8 are true and correct copies of all pleadings or other documents filed in the state court proceeding.

WHEREFORE, Atain requests that the above action now pending in the Arizona Superior Court, County of Maricopa, be removed to this Court.

DATED this 13th day of March, 2018.

**THE CAVANAGH LAW FIRM**

By:   /s/ Elliot H. Wernick
William M. Demlong
Elliot H. Wernick
1850 North Central Avenue, Suite 2400
Phoenix, Arizona 85004
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on 13th day of March, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Rosary A. Hernandez, Esq.
Elisabeth E. Martini, Esq.
Tiffany & Bosco
2525 E. Camelback Road, 7th Floor
Phoenix, AZ 85016-4237
rah@tblaw.com
eem@tblaw.com
Attorneys for Plaintiffs

　　/s/ Adriana Garcia