**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adams Craig Acquisitions LLC, et al., | No. CV-18-00817-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Atain Specialty Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Preclude Expert Testimony (Doc. 52) of Defendant Atain Specialty Insurance Company. For the following reasons the motion is denied.

## BACKGROUND

This case is a dispute over an insurance claim. Plaintiff Adams Craig Technology ("ACT"), a Nevada LLC, contracted for the construction of a residence in Paradise Valley, Arizona in 2014. In August 2016, the homeowners noticed a leak in the garage of the home, which ultimately led to the discovery of problems with the construction. Defendant Specialty Insurance Company Atain determined that it would cover $36,416 in costs associated with work undertaken by Plaintiff Adams Craig Acquisitions, LLC ("ACA") to resolve the issues in the home. But Atain denied coverage for $42,900 in property damage. Atain similarly declined to cover ACA's management and overhead costs associated with the repairs. A few months after the initial coverage decision, Atain readjusted the amount they were willing to pay downward to $27,362.97. ACA was dissatisfied with that outcome

and filed suit in the Superior Court for Maricopa County. Atain timely removed the action to this court in March 2018.

**DISCUSSION**

**I.     Standard**

Federal Rule of Evidence 702 governs the admissibility of expert testimony, and permits the presentation of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue," it is "based on sufficient facts or data," it is "the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Expert testimony must be relevant and reliable to be admitted. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).[1] "Rule 702 contemplates a *broad conception* of expert qualifications." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004) (internal quotation marks omitted) (emphasis in original).

"[T]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010). Offering "only the expert['s] qualifications, [her] conclusions[,] and [her] assurance of reliability" is insufficient. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1319 (9th Cir. 1995). Criteria for reliability of methodology include "testability, publication in peer reviewed literature, and general acceptance, but the inquiry is a flexible one." *Primiano*, 598 F.3d at 564; *see also Daubert*, 509 U.S. at 592–94. Other criteria may include how often the methodology produces erroneous results and whether the testimony is based on "legitimate, preexisting research unrelated to the litigation." *In re Apollo Grp. Inc. Sec. Litig.*, 527 F. Supp. 2d 957, 961 (D. Ariz. 2007) (internal citation omitted). However, these factors are neither exhaustive nor applicable to every case. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). Trial courts have broad discretion

---

[1] *Daubert* applies to all expert testimony and not only that of a scientific nature. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

in performing their gatekeeping function under *Daubert*. *United States v. Alatorre*, 222 F.3d 1098, 1101 (9th Cir. 2000) (citing *Hankey*, 203 F.3d at 1168).

**II. Analysis**

**A. ACT's expert is sufficiently qualified.**

Atain first asserts that ACT's expert, Kirk Hays, is not qualified to offer testimony. Rule 702 contemplates expertise resulting from multiple areas: "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. "In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." *Hangarter*, 373 F.3d at 1015 (quoting Fed. R. Evid. 702 advisory committee's note) (quotation marks omitted).

Hays is an attorney with experience in legal fields related to "construction-related insurance claims." (Doc. 58 at 3.) He has represented clients in proceedings regarding insurance coverage for construction-related claims; the adequacy of insurance coverage and coverage decisions by insurance carriers; and subrogation cases that included insurance investigations. (Doc. 58-1 at 2–4.) Hays also states that he has participated in site inspections, construction investigations, and insurance investigations, during which he has apparently worked closely with claims adjusters regarding coverage decisions. (*Id.* at 3.) Although he has never actually worked for an insurance company, as had the expert in *Hangarter*, Hays' experience with the insurance industry in the context of construction is sufficient to meet "the *minimal foundation* of knowledge, skill, and experience required in order to give 'expert' testimony on the practices and norms of insurance companies in the context of a bad faith claim." *Hangarter*, 373 F.3d at 1016 (quotation marks omitted) (emphasis in original) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)).

**B. Hays' opinions in the report do not exceed the identified scope for his opinions.**

Atain next argues that Hays' opinions exceed the scope identified by ACT in its expert witness disclosure. Under the Federal Rules of Civil Procedure, parties "must disclose to the other parties the identity of any witness it may use at trial to present [expert]

evidence." Fed. R. Civ. P. 26(a)(2)(A). Additionally, parties must accompany their expert disclosures with written reports from the expert witness. *Id.* (B). As relevant here, such a report must contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; . . . [and] (iv) the witness's qualifications." *Id.* (B)(i)–(iv). Evidence beyond the scope of the opinions identified in the disclosure and expert report is subject to exclusion under Federal Rule of Civil Procedure 37(c)(1) ("If a party fails to provide information or identify a witness as required . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.").

The disclosure provided by ACT for Hays states that Hays was retained to opine on "(1) [t]he reasonableness of insurance coverage positions taken by Atain[;] . . . (2) [t]he adequacy of the investigation undertaken by Atain[;] . . . (3) [t]he claims of prejudice made by Atain[;] . . . (4) [t]he timeliness of Atain's [i]nvestigation[;] [and] (5) [p]rejudice to [ACA] caused by Atain's actions." (Doc. 58-2 at 2.) Hays' report explains his qualifications, sets forth materials on which he bases his opinions, and discusses his opinions. As part of his opinion regarding the reasonableness of Atain's coverage and the adequacy of its investigation, Hays discusses the source and cause of the water damage at the property. (*See* Doc. 58-2.) That discussion is necessary to his ultimate opinion on the topic, which is that Atain unreasonably denied coverage for certain areas of damage.

Atain argues that Hays was not retained as a construction expert, and that any opinions he gives regarding the cause of the water damage exceed the scope of the opinions identified at the beginning of his report. But Hays' discussion of the water damage is necessary to support his conclusion that Atain did not adequately investigate the claim and unreasonably denied coverage. For that reason, his discussion of the cause of water damage fits within the scope of the disclosed topics for his expert testimony. And in any event, Hays' opinions regarding the cause of water damage were disclosed in the report.
///

The same logic applies to Hays' discussion of voluntary payments and management expenses. Hays' report only discusses those topics in order to support his conclusion that Atain behaved unreasonably by denying coverage. That fits within the first identified topic for his opinions: "[t]he reasonableness of insurance coverage positions taken by Atain."

### C. Hays' testimony is sufficiently reliable under *Daubert*.

When non-scientific expert testimony is being offered, "the *Daubert* factors (peer review, publication, potential error rate, etc.) simply are not applicable to this kind of testimony, whose reliability depends heavily on the *knowledge and experience* of the expert, rather than the methodology or theory behind it." *Hangarter*, 373 F.3d at 1017 (quoting *Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1169 (9th Cir. 2002) *overruled in part on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014)). So while *Daubert* and *Kumho Tire* still require the Court to act as gatekeeper and assess the reliability of Hays' evidence, "the relevant reliability concerns . . . focus upon personal knowledge or experience." *Kumho Tire*, 526 U.S. at 150.

Hays' report does not present "too great an analytical gap between the data and the opinion proffered." *See General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Hays' report lists the materials he reviewed in preparing his report—both materials from the case itself and legal materials regarding insurance claims. Further, he notes that he attended a site inspection of the property. In the opinions given in the report, Hays discusses the reasons for his conclusions. Contrary to Atain's assertions, the report is not lacking the "how" and "why." (*See* Doc. 52 at 9.) Rather, the report explains why Hays states that Atain's denial of the claim was unreasonable—after explaining that Atain failed to correctly identify the source of the leak itself but was subsequently informed of the source by Dynamic Claims, Hays then gives his conclusion: "[g]iven that Atain's own inspector identified the area behind the siding as suffering from water intrusion resulting from parapet wall cap leaks, it was both unreasonable and reckless to deny this portion of the claim." (Doc. 58-2 at 10.)

/ / /

The rest of the report follows a similar pattern. Though Atain remains free to disagree with the conclusions reached in the report and to probe Hays' conclusions on cross-examination, the report sufficiently discloses how Hays reached his conclusions.

### D. Hays does not improperly opine on ultimate legal conclusions.

"It is well established that expert testimony concerning an ultimate issue is not per se improper." *Hangarter*, 373 F.3d at 1016 (quoting *Mukhtar*, 299 F.3d at 1066 n.10) (alterations omitted). But expert witnesses cannot give opinions "as to [their] *legal conclusion*, i.e., an opinion on the ultimate issue of law." *Id.*

Hays' report does not give his opinion on the ultimate issue in this case—whether Atain acted in bad faith. Rather, the issues on which he opines are subsidiary questions that will help a finder of fact to make that ultimate conclusion. Likewise, Hays' report does not usurp the Court's role of instructing the jury as to the legal standards relevant to the case. "Witness[es] may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *Id.* at 1017 (quoting *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988)).

That being said, should Hays attempt to inappropriately opine on legal conclusions at trial or attempt to usurp the court's role in instructing the jury as to the law applicable to this case, such opinions will be excluded.

## CONCLUSION

Hays' proffered expert testimony passes muster under Rule 702. Since Atain has requested wholesale exclusion of Hays' testimony, the motion is denied. Atain remains free, of course, to probe his conclusions, qualifications, and methodology on cross examination, and to object to any specific portions of his testimony at trial.

**IT IS THEREFORE ORDERED** that Defendant Atain Specialty Insurance Company's Motion to Preclude Expert Testimony (Doc. 52) is **DENIED WITHOUT PREJUDICE**.

Dated this 2nd day of August, 2019.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge